1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUAN BINH TRAN, | ) Case No.: 1:18-cv-00685-JLT (HC) |
| Petitioner, | ) <br> ) FINDINGS AND RECOMMENDATION TO <br> ) DISMISS PETITION FOR LACK OF HABEAS |
| v. | ) JURISDICTION <br> ) |
| | ) [TWENTY-ONE DAY OBJECTION DEADLINE] |
| PLUMLEY, B., | ) <br> ) |
| Respondent. | ) |
| | ) |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He

challenges a detainer lodged against him by the Bureau of Immigration and Customs Enforcement.

Because the Court is without jurisdiction to entertain his claims, the Court will recommend the petition

be DISMISSED.[1]

**I.      BACKGROUND**

Petitioner is incarcerated at the Federal Correctional Institution located in Mendota, California.

He is currently serving a 77-month sentence imposed on December 19, 2013, for conspiracy to

---

[1] The Court takes judicial notice of Tran v. Lund, Case No. 1:16-cv-00459-MJS (HC). See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). In Tran v. Lund, Petitioner raised nearly the same claims challenging his detainer. As discussed in this Findings and Recommendation, the Court will recommend the petition be dismissed for lack of jurisdiction for the same reasons.

1

1  commit mail fraud.  (Doc. 1, p. 12.)

2          Petitioner is a citizen of Vietnam and permanent resident of the United States.  (Doc. 1, p. 3.)

3  On February 12, 2014, ICE lodged a detainer against him claiming he is an alien subject to removal

4  from the United States.  (Doc. 1, p. 10.)  On April 21, 2015, the detainer was removed; however, the

5  detainer was lodged again in August of 2015.  (Doc. 1, p. 8.)  Petitioner claims he is not deportable,

6  and therefore, the detainer is unauthorized.  He further claims his detainer status prevents him from

7  gaining access to federally-designated programs.  He seeks an order directing the removal of the

8  detainer, thereby permitting him the opportunity to take advantage of programs such as the Residential

9  Drug Abuse Program ("RDAP").

10  **II.      DISCUSSION**

11          A.  Preliminary Review of Petition

12          Rule 4 of the Rules Governing Section 2254 Cases[2] requires the Court to make a preliminary

13  review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

14  plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

15  the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Court

16  may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to

17  the respondent's motion to dismiss, or after an answer to the petition has been filed. See Advisory

18  Committee Notes to Habeas Rule 8.

19          B.  No Jurisdiction to Consider ICE Detainer

20          A prisoner may not challenge an ICE detainer in a petition for writ of habeas corpus under 28

21  U.S.C. § 2241.  Federal jurisdiction over a petition for writ of habeas corpus exists only for persons

22  "in custody" at the time the petition is filed.  See 28 U.S.C. § 2241(c).  An ICE detainer "does not

23  sufficiently place an alien in [ICE] custody to make habeas corpus available."  Campos v. INS, 62

24  F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), *superseded*

25  *by statute on other grounds*).  The Ninth Circuit has recognized one exception to this rule, i.e., where

26  an alien is "subject to a final order of deportation," the alien is "'in custody' for purposes of the

27  _____

28  [2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

2

[Immigration and Nationality Act ('INA')], and therefore may petition a district court for habeas review of that deportation order." See Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995); see also Veltmann-Barragan v. Holder, 717 F.3d 1086, 1088 (9th Cir. 2013). Under the INA, an "order of deportation" determines that an alien is deportable and orders deportation. See 8 U.S.C. § 1101(a)(47). Such an order becomes final upon the earlier of a determination by the Board of Immigration Appeals ("BIA") affirming the order, or the expiration of the time to seek BIA review.

Petitioner does not allege that he is subject to a final removal or deportation order. Petitioner alleges that there is an ICE detainer in his file and he has submitted a copy of the detainer, but there is no indication that he has been subject to deportation proceedings. (Doc. 1, p. 10.) From these allegations, it appears that Petitioner is challenging an ICE detainer without a final removal order. Petitioner has not alleged sufficient facts to establish he is in custody based on the detainer as to confer habeas jurisdiction. Campos, 62 F.3d at 314; Garcia v. Taylor, 40 F.3d at 303.

C. Challenge to Exclusion from Federal Programs

Petitioner argues that his immigration detainee status prohibits him from access to federally-designated "early release" programs available under 18 U.S.C. §§ 3621 and 3624. Section 3621(e) provides for residential drug abuse treatment ("RDAP") and incentives for completion of the treatment, including sentence reduction. See Section 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") However, immigration detainees are not eligible for early release under Section 3621(e). See 28 C.F.R. § 550.55(b)(1).

The Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA"), specifically denies the Court the authority to review the Bureau of Prison's decisions under 18 U.S.C. § 3621. In Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011), the Ninth Circuit held that 18 U.S.C. § 3625 precludes judicial review of "any determination" made by the BOP pursuant to 18 U.S.C. §§ 3621-3624.

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA . . . do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624 . . . . To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be

3

1    inconsistent with the language of 18 U.S.C. § 3625.

2    Reeb, 636 F.3d at 1227; see also Close v. Thomas, 653 F.3d 970, 973 (9th Cir. 2011) (noting same).

3    Reeb clarified that judicial review remains available for allegations that a BOP action is

4    contrary to established federal law, violates the United States Constitution, or exceeds its statutory

5    authority. Reeb, 636 F.3d at 1228; Close, 653 F.3d at 973-74. However, as in Reeb, Petitioner has

6    made no such showing that judicial review remains available. Petitioner alleges that Respondents

7    abused their authority in reissuing his ICE detainer. Though Petitioner generally couches his claim as

8    one concerning his due process and liberty interests, any such claim must necessarily fail.

9    Furthermore, Petitioner cannot prevail on his general due process claim because inmates do not

10   have a protected liberty interest in either RDAP participation or in its associated discretionary early

11   release benefit, or in pre-release placement in a community correctional facility. See Greenholtz v.

12   Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (determining that a prisoner does not

13   have a constitutional right to be released prior to the expiration of a valid sentence); Moody v.

14   Daggett, 429 U.S. 78, 88 n.9 (1976) (concluding that discretionary determinations regarding

15   conditions of confinement do not create due process rights); Peck v. Thomas, 697 F.3d 767, 774 (9th

16   Cir. 2012) (inmate has no liberty interest in sentence reduction in exchange for completion of RDAP).

17   For these reasons, Petitioner's allegations are insufficient to confer habeas jurisdiction for the

18   Court to consider Petitioner's challenge to his exclusion from the early release programs.

19   **III.    ORDER**

20   The Court hereby ORDERS that the Clerk of Court assign a district judge to this case.

21   **IV.    RECOMMENDATION**

22   Accordingly, the Court RECOMMENDS that the instant petition for writ of habeas corpus be

23   DISMISSED with prejudice for lack of jurisdiction.

24   This Findings and Recommendation is submitted to the United States District Court Judge

25   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

26   Local Rules of Practice for the United States District Court, Eastern District of California. Within

27   twenty-one days after being served with a copy, Petitioner may file written objections with the court

28   and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

4

Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 23, 2018**                         **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE