# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUAN BINH TRAN,<br><br>   Petitioner,<br><br>   v.<br><br>PLUMLEY, B.,<br><br>   Respondent. | Case No.: 1:18-cv-00685-DAD-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO REOPEN IMMIGRATION PROCEEDINGS<br><br>[Doc. No. 10] |

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged a detainer filed against him by the Bureau of Immigration and Customs Enforcement. On May 23, 2018, the Court issued Findings and Recommendations to dismiss the petition for lack of jurisdiction.

On September 7, 2018, Petitioner filed the instant motion requesting that the Court reopen his immigration proceedings so that he may file for relief from deportation. Because the Court is without jurisdiction to grant such relief, the motion is **DENIED**.

## I.   BACKGROUND

Petitioner is incarcerated at the Federal Correctional Institution located in Mendota, California. He is currently serving a 77-month sentence imposed on December 19, 2013, for conspiracy to

1

commit mail fraud. (Doc. 1, p. 12.)

Petitioner is a citizen of Vietnam and permanent resident of the United States. (Doc. 1, p. 3.) In 1995, he was charged with and subsequently convicted in the State of California of attempted robbery. (Doc. 10, p. 2.) In 1999, the Bureau of Immigration Appeals ("BIA") conducted removal proceedings and ultimately determined that the attempted robbery conviction constituted a violent felony. (Doc. 10, p. 2.) Consequently, a removal order was entered against Petitioner. (Doc. 10, p. 2.)

## II. DISCUSSION

Petitioner contends that a change in law has occurred which places into question the legality of the original deportation order. He claims that the Supreme Court's decision in Sessions v. Dimaya, 384 U.S. __, 138 S.Ct. 1204 (2018), means his prior conviction for attempted robber is no longer conduct that would warrant removal proceedings and a removal order. He seeks to reopen the immigration case to reconsider the removal order.

The federal district court has no jurisdiction over collateral challenges to removal proceedings. A petition for review to the courts of appeal is the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. 8 U.S.C. § 1252.

Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter**, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" **include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)**.

In addition, pursuant to § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ." Accordingly, the district court is without jurisdiction to entertain his challenge to his removal order. Petitioner must seek such relief in either the immigration court, the BIA, or the Ninth Circuit Court of Appeals.

## III. ORDER

Accordingly, Petitioner's motion to reopen immigration proceedings is DENIED.

IT IS SO ORDERED.

Dated: **September 11, 2018**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE